**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG DIVISION**

**JAMES W. GEORGE,**

    **Petitioner,**

v.                                                      **Civil Action No. 3:11-cv-45**
                                                           **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE RECOMMENDING THAT THE DISTRICT COURT DISMISS THIS CASE WITHOUT PREJUDICE**

On January 4, 2010, Petitioner James W. George ("Petitioner") filed a *pro se* "Motion for Return of Property" in Criminal Case No. 3:08-cr-24. (Case No. 3:08-cr-24, ECF No. 73.) On March 10, 2011, Petitioner filed another *pro se* "Motion for Return of Property" in the same case. (Case No. 3:08-cr-24, ECF No. 75.) By Order dated June 9, 2011, Chief Judge Bailey ordered that Petitioner's two Motions for Return of Property be consolidated and filed as a separate civil case. (Order, Case No. 3:08-cr-24, ECF No. 80.) The same day, Petitioner's motions were filed in a separate civil case. (Case No. 3:11-cv-45, ECF No. 1.)

Also on June 9, 2011, the Clerk of Court filed a Notice of Deficient Pleading, informing Petitioner that he must file with the Court an application *in forma pauperis* to proceed without prepayment of the full or partial filing fees or a fee of $350. (Notice of Deficient Pleading, ECF No. 3.) The Notice informed the Petitioner that he had 30 days from that date to correct the deficiencies or the Court would dismiss his case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*) Also on June 9, 2011, the Clerk of Court filed a Notice of General Guidelines for Appearing Pro Se in Federal Court. (ECF No. 2.) This Notice informed Petitioner,

*inter alia*, that he must keep the Court and opposing counsel "advised of his current address **at all times.** Failure to do so may result in your action being dismissed without prejudice." (*Id.* at 1.) Proof of service of both Notices was returned and filed with the Court on June 15, 2011. (Return Receipt, ECF No. 4.) However, the return receipt notes that an "M. Lucas" signed for delivery. (*Id.*)

On September 26, 2011, this Court entered an Order to Show Cause, informing the Petitioner that, as of that date, he had not filed any of the requested items or any other form of correspondence indicating that he intended to move forward with his case. (Order to Show Cause, ECF No. 5.) This Court ordered the Petitioner to show cause within fourteen (14) days of the service of that Order why his case should not be dismissed for failure to prosecute. (*Id.*) On October 5, 2011, the copy of the Order to Show Cause that was mailed to Petitioner was returned as undeliverable and unable to be forwarded. (ECF No. 6.) However, Petitioner has not notified the Court of any change of address, and the Order to Show Cause was mailed to the address currently listed on the docket.

As of this date, Petitioner has not notified the Court of a new address different from the one currently listed on the docket. A return receipt indicates that Petitioner received the Notice of General Guidelines for Appearing Pro Se in Federal Court directing him to keep the Court advised of his current address at all times. However, Petitioner has failed to do so.

For the reasons herein stated, the undersigned Magistrate Judge **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to keep the Court notified of his current address as required by the Notice of General Guidelines for Appearing Pro Se in Federal Court.

Any party may, within **FOURTEEN (14) DAYS** after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the

portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

**DATED:** October 11, 2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE